57 F.3d 1069
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Levert K. GRIFFIN, Plaintiff-Appellant,
v.
John ISON; Harold Soice, Chief Placement Office, Department
Rehab. & Corrections, Defendants-Appellees.
 No. 94-3126.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1995.
 
 1
 Before: KEITH and BATCHELDER, Circuit Judges, and DUGGAN, District Judge.*
 
 ORDER
 
 2
 Levert Griffin appeals a judgment dismissing without prejudice his prisoner civil rights complaint filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1992, Levert Griffin, an Ohio inmate, filed a civil rights complaint in which he sought redress for an alleged wrongful denial of parole. The matter was eventually referred to a magistrate judge who recommended that the complaint be dismissed without prejudice. The district court adopted this recommendation, over Griffin's objections, and this appeal followed. Griffin has filed a brief in his own behalf and requests the appointment of appellate counsel. Counsel for the defendants indicated that they will not be participating in the appeal unless directed to do so by the court.
 
 
 4
 The crux of Griffin's argument, culled from his many hand-written pleadings, is that the named Ohio corrections officials acted to deny Griffin his conditional release from the Ohio state penal system. Griffin sought money damages and his immediate release in his Sec. 1983 action. In addition, Griffin also expressed his intention to file a simultaneous federal habeas corpus petition under 28 U.S.C. Sec. 2254.
 
 
 5
 The magistrate judge to whom the case was assigned concluded that Griffin was incorrectly seeking an immediate or speedier release from confinement through the medium of a civil rights complaint. He then recommended that the complaint be dismissed without prejudice in order for Griffin to pursue or initiate a habeas corpus action. The district court adopted the recommendation in toto.
 
 
 6
 The district court's ruling is supported by the record. A state prisoner challenging the fact or duration of his confinement must utilize, as his sole federal remedy, the writ of habeas corpus. Heck v. Humphrey, 114 S.Ct. 2364, 2371-72 (1994). A federal court should not entertain the action even though the Sec. 1983 suit contemplates monetary damages unavailable under Sec. 2254. Id. at 2372-73. The appeal lacks merit.
 
 
 7
 Accordingly, the motion for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation